IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03337-BNB

CHARLES JOHN MARTINEZ

      Plaintiff,

v.

DENVER SHERIFF DEPARTMENT, Health Services

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Charles John Martinez, is a prisoner incarcerated at the Denver County

Jail.  He filed *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  He has been

granted leave to proceed pursuant to § 1915.

      The Court must construe the Prisoner Complaint liberally because Mr. Martinez

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Martinez will be ordered to file an amended complaint if he wishes to pursue

his claims in this action.

      In the Prisoner Complaint, Mr. Martinez asserts an Eighth Amendment claim

against the Denver Sheriff Department - Health Services pursuant to 42 U.S.C. § 1983.

Mr. Martinez alleges that Defendant has refused to provide him with a C-Pap machine

and medication for his medical conditions.

Mr. Martinez appears to be suing an improper party.  He may not sue the Denver

Sheriff's Department because it is not separate entity from Denver County and,

therefore, is not a person under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16

(D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against this

entity must be considered as asserted against the City and County of Denver.

In addition, municipalities and municipal entities, such as the City and County of

Denver, are not liable under § 1983 solely because their employees inflict injury on a

plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978);

*Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability,

a plaintiff must show that a policy or custom exists and that there is a direct causal link

between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489

U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against Denver City and

County under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at

694.

The Court also has reviewed the substance of the Prisoner Complaint and finds

that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of

the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV*

2

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings

violate Rule 8.

In order to state a claim in federal court, Mr. Martinez "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007). The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &

Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who,

acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*,

526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he

purpose of § 1983 is to deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights and to provide relief to victims if

such deterrence fails."). Therefore, Mr. Martinez should name as defendants in his

3

amended complaint only those persons that he contends actually violated his federal constitutional rights.

Mr. Martinez may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Martinez uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Martinez will be given an opportunity to cure the deficiencies in his Prisoner Complaint by submitting an amended complaint that sues proper parties, states claims clearly and concisely in compliance with Rule 8, and alleges specific facts that demonstrate how each named defendant violated his federal constitutional rights.

Accordingly, it is

ORDERED that Plaintiff, Charles John Martinez, file, **within thirty (30) days from the date of this order**, an amended prisoner complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order. It is

FURTHER ORDERED that Mr. Martinez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that  form in

submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Martinez fails to file an amended prisoner complaint that complies with this order within the time allowed, the Prisoner Complaint and action may be dismissed without further notice.

DATED January 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge