IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03337-BNB

CHARLES J. MARTINEZ,

     Plaintiff,

v.

DENVER SHERIFF DEPARTMENT - HEALTH SERVICES,
DR. JOHN GARRETT,
DENVER SHERIFF, and
OFFICER TOMSICK,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Charles Martinez, a prisoner at the Denver County Jail, initiated this action by submitting *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

     On January 15, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Martinez to file an amended complaint that sues proper parties, complies with the pleading requirements of the Federal Rules of Civil Procedure, and alleges specific facts that demonstrate how each named defendant violated his constitutional rights. (*See* ECF No. 10). On March 10, 2014, Mr. Martinez filed an Amended Prisoner Complaint (ECF No. 14).

     On March 12, 2014, Magistrate Judge Boland reviewed the Amended Complaint and found that it remained deficient, but gave Plaintiff one more opportunity to file a pleading that complies with the Court's orders and the pleading requirements of the

Federal Rules of Civil Procedure.  (*See* ECF No. 17).  Magistrate Judge Boland warned

Mr. Martinez that if he failed to file a second amended Prisoner Complaint that complied

with the March 12 Order within the time allowed, the action would be dismissed without

further notice.  Mr. Martinez has failed within the time allowed to file a second amended

Prisoner Complaint as directed or otherwise communicate with the Court in any way.

In the March 12 Order, Magistrate Judge Boland pointed out a number of

deficiencies in the Amended Complaint  The Court found that the Amended Complaint

sued improper parties, did not allege specific facts demonstrating how each named

defendant personally participated in the alleged constitutional violation, and failed to

comply with the pleading requirements of the Federal Rules of Civil Procedure.  The

March 12 Order discusses these deficiencies in greater detail.

Mr. Martinez has failed within the time allowed to file a second amended Prisoner

Complaint that cures the deficiencies in the Amended Complaint.  The Amended

Complaint, therefore, will be dismissed without prejudice for Mr. Martinez's failure to

comply with the order to submit a second amended Prisoner Complaint, and for his

failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Martinez files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 14) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Charles J. Martinez, within the time allowed, to file a second amended Prisoner Complaint as directed in the order of March 12, 2014 (ECF No. 17), and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  18th  day of   April  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3